UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Granite Re, Inc.,

    Plaintiff,

v.                                                              Case No. 17-13449

Executive Construction Management           Sean F. Cox
Company, *et al.*,                                        United States District Court Judge

    Defendants.
_____/

## OPINION & ORDER
## GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

This matter is currently before the Court on Plaintiff's Motion for Summary Judgment, filed following the close of discovery. The motion asks the Court to grant summary judgment in Plaintiff's favor as to its breach of contract claim, which is based upon an indemnity agreement. The Court concludes that oral argument would not aid the decisional process and orders that the motion will be decided without a hearing. For the reasons set forth below, the Court shall GRANT Plaintiff's Motion for Summary Judgment.

## BACKGROUND

On October 23, 2017, Plaintiff Granite Re, Inc. ("Granite") filed this action against Defendants Executive Construction Management Company ("Executive") and Ronald C. Jackson ("Jackson"), based upon diversity jurisdiction.

Granite's Complaint asserts the following counts: 1) "Breach of Contract" (Count I), wherein Granite alleges that Executive and Jackson breached an Indemnity Agreement; 2) "Exoneration and *Quia Timet*" (Count II) wherein Granite asserts that it is entitled to the

1

common law remedy known as *quia timet*, which secures a surety from loss when it appears that the principal is reasonably likely to fail or refuse to perform or to protect the surety from loss; 3) "Specific Performance of the Indemnity Agreement" (Count III); and 4) "Declaratory Judgment" (Count IV).

On March 14, 2018, Executive and Jackson filed counterclaims against Granite, and asserted third-party claims against Sachse Construction ("Sachse").

On April 4, 2018, Granite filed a Motion to Dismiss the counterclaims asserted against it. (ECF No. 13). After Executive and Jackson failed to file any response to the motion within the time permitted for doing so, this Court issued an Order to Show Cause, requiring Executive and Jackson to show cause why the unopposed motion should not be granted. (ECF No. 14). Counsel for Executive and Jackson responded by asking for more time to file a brief, and then after an extension was granted, failed to file a brief. This Court later granted the motion and dismissed Executive and Granite's counterclaims on August 17, 2018. (ECF No. 28).

Executive and Jackson did not serve Sachse until after this Court issued an order to show cause why the third-party claims against Sachse should not be dismissed for failure to prosecute.

After being served, on August 16, 2018, Third-Party Defendant Sachse Construction filed a Motion To Dismiss and to Compel Arbitration. (ECF No. 26). After Executive Construction and Jackson failed to file a response to the motion, this Court issued a Show Cause Order, requiring them to show cause in writing why the unopposed motion should not be granted. (ECF No. 32). Thereafter, Counsel for Jackson and Executive filed a response stating that they would stipulate to an order compelling arbitration of the matters in dispute with Sachse. (ECF No. 33). Those third-party claims are therefore no longer pending in this action.

Accordingly, the only remaining claims in this action are Granite's claims against Executive and Jackson.

Following the close of discovery, on September 13, 2018, Granite filed a Motion for Summary Judgment, seeking summary judgment in its favor as to its Breach of Contract claim. (ECF No. 30).

This Court's practice guidelines, which are expressly included in the Scheduling Order issued in this case, provide, consistent with Fed. R. Civ. P. 56, provide in pertinent part that:

a. The moving party's papers shall include a separate document entitled **Statement of Material Facts Not in Dispute**. The statement shall list in separately numbered paragraphs concise statements of each undisputed material fact, supported by appropriate citations to the record. The Statement shall include all necessary material facts that, if undisputed, would result in summary judgment for the movant.

b. In response, the opposing party shall file a separate document entitled **Counter-Statement of Disputed Facts.** The counter-statement shall list in separately numbered paragraphs following the order or the movant's statement, whether each of the facts asserted by the moving party is admitted or denied and shall also be supported by appropriate citations to the record. The Counter-Statement shall also include, in a separate section, a list of each issue of material fact as to which it is contended there is a genuine issue for trial.

c. All material facts as set forth in the Statement of Material Facts Not in Dispute shall be deemed admitted unless controverted in the Counter-Statement of Disputed Facts.

d. The statements shall be non-argumentative and avoid the use of color words or distortions of the record in a party's favor. Conclusory, speculative, or conjectural statements in support of a position shall be avoided. Hearsay statements and other inadmissible evidence cannot be considered.

e. Facts stated in the Statement of Material Facts Not In Dispute and

> Counter-Statement of Disputed Facts shall be supported with appropriate citations to the record, including but not limited to the pleadings, interrogatories, admissions, depositions, affidavits and documentary exhibits. Citations to the record must be **specific**, *ie*., cite to a discrete page or portion of deposition testimony or page(s) of documentary evidence, not simply the entire deposition or document . . . .

(ECF No. 11 at Pg ID 155-56) (emphasis added).

In compliance with this Court's practice guidelines, along with its motion, Granite filed a "Statement of Material Facts Not In Dispute." (ECF No. 31 at Pg ID 347-52).

After Defendants Executive and Jackson failed to file any response to Granite's Motion for Summary Judgment within the time permitted for doing so, this Court issued yet another Show Cause Order. (ECF No. 37). That order required Executive and Jackson to show cause, in writing, no later than October 15, 2018, why the unopposed summary judgment motion should not be granted.

On October 15, 2018, Counsel for Executive and Jackson filed a "Response To Show Cause Order," wherein they assert that the motion should be denied. Notably, Counsel for Defendants did not file any exhibits along with that submission. In addition, in violation of this Court's practice guidelines, Executive and Jackson failed to respond to Granite's Statement of Material Facts Not in Dispute.

As such, the only evidence that has been presented to the Court is that provided by Granite in support of its Motion for Summary Judgment.

**The Projects, Indemnity Agreement, And Bonds**

Sachse served as the prime contractor on the construction projects known collectively as Du Charme Place – Detroit, MI (the "Projects"). Sachse hired Executive as a subcontractor to

4

perform certain work on the Projects.  (*See* Ex. A to Pl.'s Motion and Tollefson Affidavit at ¶ 3).

In connection with the Projects, Granite issued five performance and payment bonds on behalf of Executive as principal, which are collectively referred to as "the Bonds:"

Bond Number: GRMI23192B
Bond Amount: $446,900.00

Bond Number: GRMI23249B
Bond Amount: $407,000.00

Bond Number: GRMI23365B
Bond Amount: $28,236.00

Bond Number: GRMI23393B
Bond Amount: $14,568.00

Bond Number: GRMI23738B
Bond Amount: $436,950.98

(Tollefson Affidavit at ¶ 4; *see also* Ex. A to Pl.'s Motion).

As a condition precedent to Granite's agreement to issue the Bond, Executive and Jackson (the "Indemnitors") executed an Indemnity Agreement in favor of Granite.  (Tollefson Affidavit at ¶ 5; *see* Ex. B to Pl.'s Motion, copy of Indemnity Agreement).  In reliance on the Indemnity Agreement, Granite, as surety, executed the Bonds.  (Tollefson Affidavit at ¶ 4).

The provisions of the Indemnity Agreement apply with respect to all "Bonds" executed on behalf of Executive or Jackson, as defined in the agreement.  (Ex. B to Pl.'s Motion at ¶ 20) ("the liability of the Indemnitor shall extend to any and all bonds executed on behalf of Principal and/or Indemnitor before, simultaneously, and/or after the effective date of this Agreement.").

Pursuant to the Indemnity Agreement, the Indemnitors agreed to jointly and severally indemnify and hold Granite harmless from and against all claims, liability, and losses Granite may incur as a result of having executed the Bonds.  (Ex. B to Pl.'s Motion at ¶¶ 2 & 5).

5

In addition, the Indemnitors agreed that all Bonded Contract proceeds were trust funds and were to be held in trust in special accounts for the benefit of Granite and also assigned all Bonded Contract proceeds to Granite. (*Id*. at ¶ 9).

As security for their obligations under the Indemnity Agreement, the Indemnitors made an assignment and granted Granite a security interest in "all accounts, accounts receivable, financial institution deposits, machinery, equipment, contract rights, causes of action, inventory, securities, investments, promissory notes, insurance proceeds, and intangibles of whatsoever nature," and Granite perfected the assignment and security interest on August 9, 2017, by filing a UCC-1 Form with the Michigan Department of State. (Indemnity Agreement at ¶ 11; Ex. D to Pl.'s Motion).

In addition, in the event of default under the Indemnity Agreement, the Indemnity Agreement assigns to Granite all of the Indemnitors' rights under the Bonded Contracts, including all of their rights in the subcontracts to the Projects. (Indemnity Agreement at ¶ 8). Also in the event of default, the Indemnitors nominate, constitute and appoint Granite as their attorney-in-fact with the right to exercise any right assigned, transferred, and set over to Granite in the Indemnity Agreement. (*Id*. at ¶ 23).

**Payment of Claims**

Sachse declared Executive in default and terminated Executive from the Projects. (Tollefson Affidavit at ¶ 7). In addition, Executive failed to pay subcontractors and/or suppliers for work performed and/or materials supplied to Executive. (*Id*. at ¶ 8). Granite received claims against the Bonds in an amount in excess of $747,428.69 from claimants. (*Id*. at ¶ 9).

Granite investigated the Performance and Payment Bond claims and retained the services

of Construction Consulting & Disbursement Services ("CCDS"), a construction expert, to assist that investigation. (*Id*. at ¶ 9).

As result of Granite's investigation, Granite made a determination with respect to amounts owed on the Performance and Payment Bond claims and has paid the following claims against its Bonds through September 30, 2017:

| Bond Number | Claimant | Amount Paid by Granite |
|---|---|---|
| GRMI23738B | National Ceiling & Partitions, Inc. | $25,845.07 |
| GRMI23738B | B&D Drywall Supply/National Ceilings | $43,094.25 |
| GRMI23249B | Detroit Builders, LLC | $19,477.71 |
| GRMI23249B | D&J Premier Painting & Drywall | $92,727.60 |
| GRMI23249B | Sachse Construction | $407,000.00 |
| GRMI23192B | Sachse Construction | $116,480.06 |
| GRMI23365B | Sachse Construction | $28,236.00 |
| GRMI23393B | Sachse Construction | $14,568.00 |
|  | TOTAL: | $747,428.69 |

(Tollefson Affidavit at ¶ 10).

Granite received gross subrogation in the amount of $39,372.59 through September 30, 2017, which reduces its loss through September 30, 2017 to $708,056.10. (Tollefson Affidavit at ¶ 11).

On May 12, 2017, and August 7, 2017, Granite made demands to Executive and Jackson as Indemnitors, demanding payment and collateral in the amount of $750,000.00 in accordance with the requirements of the Indemnity Agreement. (*See* Ex. E to Pl.'s Motion). Nevertheless,

Executive and Jackson failed and/or refused to indemnify and hold harmless, and provide collateral to, Granite with respect to loss and exposure to liability and loss resulting from having furnished the Bonds. (Tollefson Affidavit at ¶ 14).

**ANALYSIS**

In its Motion for Summary Judgment, Granite asks the Court to grant summary judgment in its favor as to its Breach of Contract claim. (*See* Pl.'s Br. at 9) (asserting that Granite is "entitled to summary judgment against the Indemnitors [Executive and Jackson] with respect to its claim for breach of contract.").

Because this action is in federal court based upon diversity jurisdiction, Michigan law governs Granite's breach of contract claim.

In Michigan, indemnity agreements are construed in accordance with the rules applicable to contracts in general. *Grand Trunk W. R., Inc. v. Auto Warehousing Co.*, 262 Mich. App. 345, 350 (2004). Where, as here, the parties have expressly contracted for indemnification, the extent of the duty must be determined from the language of the indemnity agreement itself. *Miller-Davis Co. v. Ahrens Const., Inc*., 495 Mich. 161, 175 (2014).

Here, pursuant the terms of the Indemnity Agreement: 1) Executive and Jackson are obligated to indemnity Granite from and against every claim, demand, liability loss, cost and expense which Granite may pay, sustain or incur in consequence of having executed or procured the execution of the Bonds (Indemnity Agreement at ¶ 2); and 2) upon demand, in Granite's sole discretion, Executive and Jackson are obligated to pay to Granite collateral security in the amount deemed sufficient by Granite. (*Id*. at ¶ 5).

The evidence before the Court establishes that Executive and Jackson materially

breached those terms by: 1) failing to indemnify and hold Granite harmless from actual and potential liability on the Bonds; and 2) failing to place with Granite sufficient funds in an amount deemed necessary by Granite to secure it from all exposure to liability on the Bonds and to reimburse Granite for related losses Granite has incurred. (Tollefson Affidavit at ¶ 14).

Granite has shown that it has been damaged by those breaches. Pursuant to the unambiguous provisions of the Indemnity Agreement, Granite is entitled to recover from the Indemnitors Executive and Jackson its losses. Granite has paid bond claims through September 30, 2017, in the amount of $747,428.69 and received gross subrogation in the amount of $39,372.59, for a total loss of $708,056.10.

Granite's brief addresses potential arguments that Executive of Jackson might make in opposing their motion. (*See* Pl.'s Br. at 3 to 9). Granite argues that Executive and Jackson cannot dispute that they owe Granite all amounts that it has paid, nor can they challenge Granite's determination to pay or defend against the Bond Claims, because: 1) the Indemnitors' failure to provide collateral precludes the Indemnitors' rights, if any to dispute the payment of Bond Claims; and 2) Granite also has the right to settle claims pursuant to the settlement, assignment, and attorney in fact provisions of the Indemnity Agreement.

In light of the profoundly deficient nature of Executive and Jackson's Show Cause Response, which does not raise or address those issues, the Court need not address them either.

The only possibly relevant[1] argument they appear to make is their assertion that

---

[1]Executive and Jackson's Show Cause Response contains language regarding the standard applicable to motions to dismiss, and includes arguments relating to Executive/Jackson's previously-dismissed counterclaim for breach of duty of good faith and fair dealing. Those arguments are not relevant to the issues in the pending summary judgment motion.

"Defendants ECM and JACKSON will prove at trial that Plaintiff failed to act according to standard industry norms in verifying claims, made unwarranted payments over Defendants' objections, acted discriminatorily in its actions and acted fraudulently pursuant to conflict of interest motives." (Defs.' Show Cause Response at 6). But their brief contains no legal authority in support of their assertions, and even more importantly, Executive and Jackson failed to direct the Court to any evidence that could possibly support those assertions.

Accordingly, the Court shall grant summary judgment in favor of Granite and against Executive and Jackson, jointly and severally, in the amount of $708,056.10 for claims paid through September 30, 2017.

## CONCLUSION & ORDER

For the reasons set forth above, **IT IS ORDERED** that Plaintiff's Motion for Summary Judgment is **GRANTED**.

**IT IS FURTHER ORDERED that Granite shall file a proposed Judgment within ten (10) day of this Opinion & Order.**

**IT IS SO ORDERED.**

> s/Sean F. Cox
> Sean F. Cox
> United States District Judge

Dated: November 30, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 30, 2018, by electronic and/or ordinary mail.

> s/Jennifer McCoy
> Case Manager